IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**NICKHOLAS KNIGHT, SR.,**

    Plaintiff,

v.                                        Civil Action No. **3:25CV257 (RCY)**

**UNITED STATES, *et al.*,**

    Defendants.

## MEMORANDUM OPINION

Nickholas Knight, Sr., a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of the Second Particularized Complaint (ECF No. 29) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, Federal Rule of Civil Procedure 20(a),[2] and Knight's compliance with the Court's prior Memorandum

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Federal Rule of Civil Procedure 20(a) provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Orders concerning joinder.[3]  For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous.

## I. LEGAL STANDARDS

### A. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[3] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from Knight's submissions.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Joinder**

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test'

of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)."

*Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08CV00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

## II. ALLEGATIONS

The Court has twice directed Knight to particularize his complaint because his allegations failed to provide each defendant with fair notice of the facts and law upon which his or her liability rests. ECF Nos. 26, 28. Nevertheless, as recounted below, in his Second Particularized Complaint, Knight once again fails to provide a coherent statement of his claims. Furthermore, in the September 16, 2025 Memorandum Order, the Court also informed Knight that if he failed "to submit an appropriate Particularized Complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant." ECF No. 28, at 3. As explained below, Knight's Second Particularized Complaint also fails to comply with the requirements regarding joinder.

In his Second Particularized Complaint, Knight lists the following entities as defendants: the United States, the Commonwealth of Virginia, Arlington General District Court, Arlington County Detention Facility, Western State Hospital, Virginia Hospital, Washington Metro Airport Authority Police Department, Hasting on Hudson Police Department, Westchester County Department of Corrections, and Sixt [sic] Tilting Trust. ECF No. 29, at 4. Thereafter, in the facts

5

section of his complaint, Knight complains about his conditions of confinement in the Arlington County Detention Facility and the decision of the Arlington County General District Court to order a mental evaluation of his person. *Id.* at 5–8.

### A. Conditions at the Arlington County Detention Facility

Specifically, Knight alleges that while at the Arlington County Detention Facility, he suffered from—among other things—the following conditions: he "was housed in isolation for about 5 days;" he wrote a grievance complaining that "an officer let a[n] inmate into the cell to insert a device into Plaintiff['s] rectum a conceptual device;" "Plaintiff was drugged by an unknown inmate and sexually assaulted with a[] conceptual device inserted into rectum;" he "had a seizure;" he was hospitalized for lower back pain; received a "coffee enema without [his] consent;" and, he fell and suffered a head injury. ECF No. 29, at 5–6.

### B. Transfer to Western State Hospital

On October 12, 2024, the Arlington County General District Court ordered a mental health evaluation of Knight. *Id.* at 6. On October 25, 2024, Knight was transferred to Western State Hospital and remained there until February 19, 2025. *Id.* at 7. At Western State Hospital, Knight contends that he was drugged without his consent and struck in the head and back. *Id.* at 7–8.

On February 20, 2025, Knight was sent back to the Arlington County Detention Facility, where he was again placed in isolation. *Id.* at 8.

### C. Knight's Explanation of His Legal Claims

Following the fact section, the Court directed Knight "in separately captioned sections" to "clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him." ECF No. 28, at 2. Knight did not comply with that requirement. Instead, following his

6

"Statement of Facts," Knight has a section captioned, "Injury." ECF No. 29, at 9. In that section, Knight provides a largely unhelpful explanation of his legal claims. Knight states:

> As a result to the deliberate indifference exercised by the aforementioned defendants to plaintiff's health and safety by failing to protect him repeated attack in the Commonwealth of Virginia. Violation of procedural due process violation.
>
> These acts represent a pattern of events demonstrating intentional retaliation against plaintiff by defendants and the Democratic Party of the U.S.A.
>
> Plaintiff suffered further pain and mental anguish. He continued to suffer from migraine headaches and general pain throughout his body from sexual battery and physical abuse through chemical weapon in a cover-up type scheme. By refusing to act on Plaintiff grievances and claims of assault and abuse, also suffered extreme emotional distress from the incident.

*Id.* at 9 (grammar unaltered) (paragraph numbers omitted).

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Knight's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Indeed, other courts have summarily dismissed Knight's incoherent, frivolous claims for relief. *See, e.g.*, *Knight v. Admin*, No. 23-5056, 2023 WL 3910692, at *1 (D.C. Cir. June 9, 2023) (affirming dismissal of Knight's complaint because it "did not set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief,' which is required in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests'" (quoting *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016))); *Knight v. Joe Biden Admin.*, No. CV 23-0492 (UNA), 2023 WL 2387674, at *1 (D.D.C. Mar. 6, 2023) (dismissing complaint because "plaintiff's complaint fails to meet the minimal pleading standard set forth in Rule 8(a)), *aff'd sub nom. Knight v. Admin*, No. 23-5056, 2023 WL 3910692 (D.C. Cir. June 9, 2023).

The Court now proceeds with the analysis outlined in the September 16, 2025 Memorandum Order with respect to joinder. The first named defendant in the body of the Second Particularized Complaint is the Arlington County Detention Facility. Knight fails to articulate a common question of law and fact for all of the named defendants, and Knight's inchoate causes of action do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). Instead, Knight has submitted the sort of "mishmash of a complaint" that the rules governing joinder aim to prevent. *Jackson*, 2010 WL 724023, at *7 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). As such, permitting the joinder of any additional claims against entities besides the Arlington County Detention Facility will not promote the objectives of Rule 20 or judicial efficiency. *See Jackson*, 2010 WL 724023, at *8 n.10. Knight's Second Particularized Complaint "comprises multiple law suits [sic], rather than one suit." *Jackson*, 2010 WL 724023, at *8 (quoting *Canada v. Ray*, No. 7:08cv00219, 2009 WL 2448557, at *2 (W.D. Va. Aug. 10, 2009)).[4] Accordingly, all claims against the other named Defendants, besides the Arlington County Detention Facility, will be DISMISSED WITHOUT PREJUDICE.[5]

---

[4] Through the PLRA, Congress sought to ensure "that the flood of nonmeritorious [prisoner] claims does not submerge and effectively preclude consideration of the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The requirement that inmates must pay the full filing fee for each separate suit, *see* 28 U.S.C. § 1915(b)(1), is one of the PLRA's key "reforms designed to filter out the bad claims and facilitate consideration of the good." *Id.* at 204. To allow an inmate, such as Knight, to "package many lawsuits into one complaint exempts him from such a cost, benefit analysis and thus undercuts the PLRA." *Canada*, 2009 WL 2448557, at *3.

[5] The majority of other listed Defendants are not even named in the Second Particularized Complaint. Therefore, any claims against them would subject to dismissal for that reason also. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints." (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968))).

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). The Arlington Count Detention Facility is not a person for purposes of 42 U.S.C. § 1983. *See Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (citation omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). All claims against the Arlington County Detention Facility will be DISMISSED WITH PREJUDICE.

## IV. CONCLUSION

For the foregoing reasons, Knight's claims against the Arlington County Detention Facility will be DISMISSED WITH PREJUDICE. Knight's claims against the other named Defendants will be DISMISSED WITHOUT PREJUDICE. Knight's Motion for a Protective Order (ECF No. 23) is frivolous and will be DENIED. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: February 2, 2026
Richmond, Virginia